UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| In re: | ) ) ) | |
| REMEDIUM PHARMACY, LLC, | ) ) | Chapter 11 |
| Debtor | ) ) ) | Case No. 26-40803-EDK |

**UNITED STATES TRUSTEE'S OBJECTION
TO DEBTOR'S APPLICATIONS TO
EMPLOY DAVIDOFF HUTCHER & CITRON LLP
AND MANNING GROSS + MASSENBURG, LLP
AS GENERAL BANKRUPTCY COUNSEL
RETROACTIVE TO THE PETITION DATE
(WITH CERTIFICATES OF SERVICE AND CONFERENCE)**

William K. Harrington, the United States Trustee for Region 1, objects to the applications (the "Applications") filed by Remedium Pharmacy, LLC ("Debtor") to employ Davidoff Hutcher & Citron LLP ("DHC") (DE55) and Manning Gross + Massenburg, LLP ("MGM") (DE56) (collectively the "Firms") as its co-general bankruptcy counsel for two reasons.

First, the Debtor has failed to demonstrate that employing both DHC and MGM is necessary under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014, because, according to their respective Applications and supporting declarations, the Firms propose to perform redundant services.

Second, the Debtor has failed to demonstrate that employing DHC or MGM (or both of them) retroactive to the July 6, 2026 petition date (the "Petition Date") is appropriate under local rule 2014-1.

In support, the United States Trustee states:

## **PRELMINARY STATEMENT**

The Debtor filed the Applications on July 27, 2026, 21 days after the Petition Date.  The Applications seek to retain both DHC and MGM as general bankruptcy counsel.

The Applications and the supporting declarations show that each Firm's proposed services substantially overlap the other's.  Absent amendment to confine DHC and MGM to separate groups of tasks aligning with "lead" and "local" counsel, as they now say they want to do, the Court should deny the Applications, because in failing to clearly distinguish between their respective tasks, the Debtor has failed to demonstrate that their employment is necessary, as required by Rule 2014.

Local rule 2014-1 requires that to have retroactive effect as of the petition date, a professional employment application must be filed no later than 14 days after the case is filed.  MLBR 2014-1.  Because the Debtor failed to file Applications within 14 days of the Petition Date, the Court should authorize employment only as of July 27, 2026, the date that the Applications were filed.

Retroactive – nunc pro tunc - relief is inappropriate here, because it can be used only to correct errors made by the Court.  And under MLBR 2014-1, the Debtor has failed to demonstrate extraordinary circumstances excusing its failure to timely file the Applications.

**JURISDICTION, VENUE AND LEGAL BASIS FOR RELIEF**

1.      The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334.  L.R. Dist. Mass. 201 and 206.

2.      This is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

3.      Venue is proper in this court under 28 U.S.C. §§ 1408 and 1409.

4.      The legal basis for relief includes 28 U.S.C. §§ 586(a)(3)(I), 11 U.S.C. §§ 101(31), 307, 327(a) and 329(a), Fed. R. Bankr. P. 2014 and 2016(b) and MLBR 2014-1.

5.      The deadline to object to the Applications is August 10, 2026.  MLBR 9013-1(d) (prescribing 14-day deadline running from date of service).  This objection is therefore timely.

**FACTS**

      **A. The Debtor files the Applications 21 days after the petition date.**

6.      The Debtor filed a voluntary chapter 11 petition on the Petition Date.

7.      The Debtor filed the Applications 21 days later, on July 27, 2026.  DE55. DE56.

      **B. The Applications seek to employ both Firms as general bankruptcy counsel.**

8.      The Applications were supported by the declarations ("Declarations") of each Firm's lead counsel, Robert L. Rattet, Esq. (DE55-1) and David P. Primack, Esq.

(DE56-1).

9.  The Applications and Declarations indicated that DCH and MGM intended to serve as co-general bankruptcy counsel.  Each Firm's respective tasks largely overlapped the other's and included advising the Debtor regarding its powers and duties as a DIP, preparing pleadings and papers, performing all necessary legal services for chapter 11 and appearing in court on the Debtor's behalf.  *Compare* DHC Application (DE55 at 3-4) ("Scope of Employment") *with* MGM Application (DE56 at 2-3) ("Scope of Employment") *and with* Rattet Declaration (DE55-1 at 4-5) *and with* Primark Declaration (DE56-1 at 5).

10.  On motion of Attorney Primark, DCH's counsel have been admitted pro hac vice.  *See* DE25 (James B. Glucksman, Esq.); DE26 (John D. Molino, Esq.); DE27 (Attorney Rattet).

## C. In their supplemental declarations, the Firms offer to divide tasks but fail to eliminate the overlap.

11.  Following a conversation with the United States Trustee on August, 5, 2026, Attorneys Rattet and Primark supplemented their Declarations ("Supplemental Declarations") to state that the Firms would divide tasks, with DCH serving as "lead" bankruptcy counsel and MGM as "local" counsel.  DE77 at 2.  DE78 at 2. ("DHC and MG+M have discussed and agreed upon the need to avoid duplication of services in this Chapter 11 case to address the United States Trustee's concerns. MG+M will

restrict its services to a more limited to traditional local counsel representation,  which will include attendance at hearings and the review of and filing of all documents with the Court . . . ."  Primark Supplemental Declaration, DE77 at 2.

12.     The Supplemental Declarations did not eliminate the overlap of the Firms' proposed tasks, however.  DE77.  DE78.

13.     The Supplemental Declarations requested that the Court consider the Applications "on an emergency basis . . ." and that it "use its equitable powers" to approve them retroactive to July 6, 2026.  DE77 at 2.  DE78 at 2.

**STATUTORY FRAMEWORK**

### A.  Section 327(a).

14.     Section 327(a) of  the Bankruptcy Code ("Employment of professional persons") authorizes a debtor in possession, subject to court approval, to retain one or more attorneys to assist the debtor in fulfilling its fiduciary duties, provided that the attorney: 1) does not hold or represent an interest adverse to the estate; and 2) is disinterested.  *Rome v. Braunstein*, 19 F.3d 54, 57-58 (1st Cir. 1994).

### B.  Federal Rule 2014.

15.     Fed. R. Bankr. P. 2014 ("Employing Professionals") implements section 327(a) by requiring that a proposed professional file a written employment application.

16.     The "application must state specific facts showing, among other things, (A) the need for the employment; (B) the name of the person to be employed; (C) the

reasons for the selection; (D) the professional services to be rendered; (E) any proposed arrangement for compensation; and (F) to the best of the applicant's knowledge, all the persons connections with . . . the debtor; creditors; any other party in interest; their respective attorneys and accountants; the United States trustee; and any person employed by the United States trustee's office . . . ." Fed. R. Bankr. P. 2014.

17.    "The purpose of the application for authority to employ a professional is to provide the court (and the United States trustee) with information necessary to determine whether the professional's employment meets the broad tests of being in the best interest of the estate and, in the language of Rule 2014, necessary . . . ." 9 COLLIER ON BANKRUPTCY ¶ 2014.03 (Alan N. Resnick & Henry J. Sommer, eds., 16th ed. rev. 2026).

18.    Massachusetts bankruptcy courts may authorize employment of co-counsel for a chapter 11 debtor in possession, but only if each confines itself to discrete, identifiable tasks. *In re Delaney House LLC*, 312 B.R. 1 (Bankr. D. Mass. 2004). Duplication of services will result in denial of fees under 11 U.S.C. § 330(a). *Id.* at 6 (noting "second look").

**C. MLBR 2014-1 permits employment retroactive to the petition date, but only if a professional's employment application is filed within 14 days.**

19.    "[O]nce local rules have been properly promulgated, lawyers and litigants are duty bound to comply with them . . . ." *In re Jarvis*, 53 F.3d 416, 422 (1st Cir. 1995).

6

20. Local rule 2014-1(e) provides

> If the Court approves an application for the employment of a Professional, such approval shall be deemed effective as of the date of the filing of the application. However, if such application is filed within 14 days from the later of case commencement or the date the Professional commenced rendering services, Court approval shall be deemed effective commencing the date that services were first rendered. Approval shall not be otherwise retroactive absent an order of the Court.

MLBR 2014-1.

21. An estate professional seeking nunc pro tunc employment must demonstrate "the existence of extraordinary circumstances sufficient to justify the application's untimeliness . . . ." *In re Jarvis*, 53 F.3d at 421. *Compare Roman Catholic Archdiocese of San Juan, Puerto Rico v. Acevedo Feliciano*, 589 U.S. 57, 65 (2020) (holding that nunc pro tunc relief is available only to correct errors of the court, stating "Federal courts may issue nunc pro tunc orders . . . to reflect the reality of what has already occurred . . . Such a decree presupposes a decree allowed, or ordered, but not entered, through inadvertence of the court . . .") (vacating Federal district court order that restored state court's jurisdiction).

## OBJECTION

**A. <u>Absent appropriate amendment, the Court should deny the Applications, because they fail to demonstrate that retention of co-counsel is necessary under Rule 2014-1.</u>**

22. The Applications, the Declarations and the Supplemental Declarations fail

to establish that retaining both DHC and MGM is necessary as required by Fed. R. Bankr. P. 2014.

23. Specifically, each Firm proposes to perform largely (or many of) the same tasks, exposing the estate to the risk of duplicative services and billings.

24. Unless DHC amend the Applications and Declarations to clearly confine themselves to their respective roles as lead and local bankruptcy counsel, with no overlap, the Court should deny the Applications. *In re Delaney House LLC*, 312 B.R. at 6.

**B. The Court should deny employment retroactive to the Petition Date for either Firm.**

25. In order to qualify for employment retroactive the Petition Date under local rule 2014-1, the Debtor had to file the Applications on or before July 20, 2026. MLBR 2014-1(d). DE55. DE56. It did not do so.

26. The Court may grant nunc pro tunc relief only to correct its own errors, not those of a party. *See Roman Catholic Archdiocese of San Juan, Puerto Rico v. Acevedo Feliciano*, 589 U.S. at 65.

27. The Debtor has failed to demonstrate extraordinary circumstances justifying its failure to timely file the Applications by July 20, 2026. *In re Jarvis*, 53 F.3d at 421-422 (adopting an extraordinary circumstances standard for authorizing retroactive employment under section 327(a) and holding that a mere showing of

oversight in failing to timely file a professional employment application did not meet it).

28.     Lastly, contrary to the Supplemental Declarations, section 105(a) cannot be used to do something otherwise prohibited under section 327(a) and Bankruptcy Rule 2014. *Law v. Siegel*, 571 U.S. 415 (2014) (reversing chapter 7 trustee's administrative surcharge on debtor's exempt homestead under section 105(a), because the specific wording of section 522(k) prohibited it).

29.     Accordingly, the Court should deny employment of DHC and MGM retroactive to the Petition Date.

30.     The United States Trustee reserves all rights to object to any fee application submitted by DHC and MGM consistent with this objection or for any other reason.

**RELIEF REQUESTED**

For these reasons, the United States Trustee requests that the Court enter orders: 1) denying the Applications, subject to their being amended to limit each Firm's tasks to that of "lead" and "local" bankruptcy counsel; 2) denying the Debtor's request for employment of DHC and MGM retroactive to the Petition Date; 3) approving either (or both) of the Applications, as modified to provide a clear demarcation of their respective duties, only as of the date of filing, July 27, 2026; and 4) granting him all such other and further legal and equitable relief to which he may be entitled.

Respectfully submitted,

WILLIAM K. HARRINGTON,
UNITED STATES TRUSTEE,
REGION 1

By:    */s/ Eric K. Bradford*
      Eric K. Bradford BBO#560231
      Department of Justice
      John W. McCormack Post Office & Courthouse
      5 Post Office Square, 10th Floor, Suite 1000
      Boston, MA 02109-3934
      Phone: (202) 306-3815
      Fax: (617) 565-6368

Dated:  August 10, 2026.    Eric.K.Bradford@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on August 10, 2026, true and correct copies of the foregoing objection were served by CM/ECF only upon the individuals who filed electronic notices of appearance in the Court's CM/ECF database, including the Debtor's attorneys.

WILLIAM K. HARRINGTON,
UNITED STATES TRUSTEE,
REGION 1

By:    */s/ Eric K. Bradford*
      Eric K. Bradford BBO#560231
      Department of Justice
      John W. McCormack Post Office & Courthouse
      5 Post Office Square, 10th Floor, Suite 1000
      Boston, MA 02109-3934
      Phone: (202) 306-3815
      Fax: (617) 565-6368

Dated:  August 10, 2026.    Eric.K.Bradford@usdoj.gov

## CERTIFICATE OF CONFERENCE

I certify that August 5, 2026, I spoke by telephone with the Debtor's attorneys regarding the foregoing issues.

We reached no final resolution.

WILLIAM K. HARRINGTON,
UNITED STATES TRUSTEE,
REGION 1

By:   */s/ Eric K. Bradford*
Eric K. Bradford BBO#560231
Department of Justice
John W. McCormack Post Office & Courthouse
5 Post Office Square, 10th Floor, Suite 1000
Boston, MA 02109-3934
Phone: (202) 306-3815
Fax: (617) 565-6368

Dated:  August 10, 2026.   Eric.K.Bradford@usdoj.gov